1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   THE LINCOLN NATIONAL LIFE           Case No. 19-cv-03675-EMC
    INSURANCE COMPANY,
8
            Plaintiff,
9                                       **ORDER GRANTING DEFENDANT'S
        v.                              MOTION FOR SUMMARY
10                                      JUDGMENT**
    PEGGY ANNE ALBRIGHT, et al.,        Docket No. 34
11
            Defendants.
12

   Plaintiff Lincoln National Life Insurance Co. initiated this action for interpleader. The action relates to an individual life insurance policy that Lincoln issued for Richard Loos. Richard Loos died in March 2019. The only issue remaining is who is entitled to the insurance proceeds ($500,000 plus interest).[1]

   Currently pending before the Court is Peggy Albright's motion for summary judgment. Ms. Albright was married to Richard Loos at the time of his death. Ms. Albright contends that she is entitled to the entirety of the insurance proceeds. Ms. Albright's motion has been served on all other defendants (more specifically, the four children of Richard Loos and the one child of Ms. Albright). None filed an opposition to Ms. Albright's motion. In fact, none has made an appearance in this case.[2]

   The Court has reviewed the evidence submitted by Ms. Albright, including but not limited to her declaration, the declaration of Kenneth Waterman (the insurance agent with whom Richard

---

[1] After Lincoln deposited the insurance proceeds with the Court, it was dismissed from the case.
[2] *See also* Docket No. 15 (Mot. at 4 & Exs. A-D (emails) (in motion filed by Lincoln, noting that, since the filing of the interpleader suit, three of the children of Richard Loos "have indicated via email that they do not wish to pursue their claims for the life insurance policy")).

1 Loos and Ms. Albright worked to obtain insurance), and the declaration of M. Patricia Fisher (a forensic document examiner who evaluated the signature and handwriting of Richard Loos). That evidence – which is undisputed – reflects that, in September 2016, Richard Loos and Ms. Albright revoked their family trust, and thereafter each changed the beneficiary for his or her respective life insurance policy so that the other (*i.e.*, the spouse instead of the family trust) was the beneficiary. Based on the evidence of record, as well as the lack of any opposition from the other defendants, the Court finds that there is no genuine dispute of material fact and that Ms. Albright is, in fact, entitled to the insurance proceeds as the beneficiary of Richard Loos's insurance policy.

Accordingly, the Court hereby **GRANTS** Ms. Albright's motion for summary judgment. Ms. Albright is entitled to the insurance proceeds deposited with the Court. The Court directs the Clerk of the Court to make the insurance proceeds deposited with the Court available to Ms. Albright. Ms. Albright is directed to communicate with the Clerk of the Court so that she may be given the insurance proceeds.

The hearing on the motion for summary judgment is **VACATED**, and the Clerk of the Court is directed to enter a final judgment in accordance with the above and close the file in this case.

This order disposes of Docket No. 34.

**IT IS SO ORDERED**.

Dated: January 6, 2020

_____
EDWARD M. CHEN
United States District Judge